**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

CHRISTOPHER MCCLUNEY,

        Plaintiff,

v.                                                    Case No.: 3:25-cv-390-WWB-PDB

TREACE MEDICAL CONCEPTS, INC.,
JOHN T. TREACE and MARK L. HAIR,

        Defendants.

_____/

## ORDER

THIS CAUSE is before the Court on *sua sponte* review of the Complaint (Doc. 1). Based on this Court's review, the Complaint is an impermissible shotgun pleading.

As a general matter, "[t]he failure to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'" *Beckwith v. BellSouth Telecomms. Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005) (citing *Byrne v. Nezhat*, 261 F.3d 1075, 1029–30 (11th Cir. 2001)). "Shotgun pleadings wreak havoc on the judicial system" and "divert already stretched judicial resources into disputes that are not structurally prepared to use those resources efficiently." *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006) (quotation omitted). As such, "[w]hen presented with a shotgun complaint, the district court should order repleading *sua sponte*." *Ferrell v. Durbin*, 311 F. App'x 253, 259 n.8 (11th Cir. 2009); *see also Johnson Enters. of Jacksonville, Inc. v. FPL Grp., Inc.*, 162 F.3d 1290, 1333 (11th Cir. 1998) (noting that shotgun pleadings drain judicial resources, and the district should act *sua sponte* to define the issues at the earliest possible stage).

The Eleventh Circuit has defined four types of shotgun pleadings.  "The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321 (11th Cir. 2015).  The second most common type "is a complaint that . . . is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action."  *Id.* at 1322.  "The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief."  *Id.* at 1322–23.  "Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against."  *Id.* at 1323.

Plaintiff's Complaint falls at least into the first category because each count of the Complaint reincorporates by reference every allegation of the entire pleading.  (*See* Doc. 1, ¶¶ 42, 53).  This circumstance makes it virtually impossible to discern which of the facts alleged supports each claim and is sufficient grounds upon which to order Plaintiff to replead.  Plaintiff will be granted an opportunity to file an amended pleading, but Plaintiff is cautioned that failure to correct the deficiencies noted herein and to otherwise ensure that the filing is not a shotgun pleading may result in the dismissal of any amended pleading with prejudice.  *See Barmapov v. Amuial*, 986 F.3d 1321, 1326 (11th Cir. 2021).  Plaintiff is also directed to review and comply with all Local Rules and Standing Orders from this Court in all future filings.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1.  The Complaint (Doc. 1) is **DISMISSED without prejudice**.

2.  Plaintiff may file an amended complaint on or before **April 28, 2025**. Failure to timely file an amended pleading in compliance with this Order may result in dismissal without further notice.

**DONE AND ORDERED** in Orlando, Florida on April 22, 2025.

_____
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

3