# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| CHRISTOPHER MCCLUNEY, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> TREACE MEDICAL CONCEPTS, INC., JOHN T. TREACE, and MARK L. HAIR, <br><br> Defendants. | Case No. 3:25-cv-00390-WWB-PDB |

## MOTION OF BRIAN SPARROW FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL, AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION

Proposed lead plaintiff Brian Sparrow ("Movant"), by his counsel, will hereby move this Court for an Order (attached hereto): (i) appointing Movant as Lead Plaintiff; (ii) approving Movant's selection of Levi & Korsinsky, LLP to serve as Lead Counsel and Cullin O'Brien Law, P.A. to serve as Liaison Counsel; and (iii) granting such other and further relief as the Court may deem just and proper. In support of this Motion, Movant submits the incorporated Memorandum of Law, the Declaration of Cullin O'Brien and its exhibits, dated June 10, 2025.

## COMPLIANCE WITH CIVIL LOCAL RULE 3.01(g)

This motion is filed pursuant to Section 21D of the Securities Exchange Act

of 1934, as amended by the PSLRA. This Section provides that within 60 days after publication of the required notice, any member of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the underlying action. Consequently, Movant's counsel has no way of knowing who, if any, the competing lead plaintiff candidates are at this time. As a result, counsel for Movant has been unable to conference with opposing counsel as prescribed in Local Rule 3.01(g), and respectfully requests that the conference requirement of Local Rule 3.01(g), be waived for this motion. Pursuant to §78u-4(a)(3)(B)(iii)(II), Defendants do not have standing to oppose the appointment of Movant as lead plaintiff. *See Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d. 1129, 1138 (C.D. Cal. 1999).

## MEMORANDUM OF LAW

### I.   PRELIMINARY STATEMENT

Presently pending before this Court is the above-captioned class action lawsuit (the "Action") brought on behalf of all persons and entities that purchased or otherwise acquired Treace Medical Concepts, Inc. ("Treace Medical" or the "Company") securities between May 8, 2023, and May 7, 2024, inclusive (the "Class Period"). The plaintiff in the Action alleges violations of the Securities Exchange Act of 1934 ("Exchange Act") against the Company, John T. Treace ("Treace"), and

Mark L. Hair ("Hair") (collectively, the "Defendants").[1]

Brian Sparrow ("Movant") lost $3,204.59 as a result of the alleged fraud during the Class Period. Movant respectfully submits this memorandum of law in support of his motion for (a) appointment as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995, as amended (the "PSLRA"), 15 U.S.C. §78u-4(a)(3)(B) and (b) for approval of his selection of Levi & Korsinsky LLP ("Levi & Korsinsky") as Lead Counsel and in O'Brien Law, P.A. ("Cullin O'Brien") as Liaison Counsel.

Movant believes that he has the largest financial interest in the outcome of the Action.[2] As such, Movant meets the requirements of the PSLRA for appointment as Lead Plaintiff. Moreover, Movant satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure in that his claims are typical of the claims of the Class, and he will fairly and adequately represent the interests of the Class.[3]

The PSLRA provides for the Court to appoint as lead plaintiff the movant that has the largest financial interest in the litigation and has made a *prima facie* showing

---

[1] The Action is entitled *McCluney v. Treace Medical Concepts, Inc., et al.,* No. 3:25-cv-00390-WWB-PDB (M.D. Fla. Apr. 11, 2025) (the "*McCluney* Action").

[2] Movant's certification identifying his transactions in Treace Medical, as required by the PSLRA, as well as a chart detailing his losses are attached to the Declaration of Cullin O'Brien ("O'Brien Decl."), dated June 10, 2025, as Exhibits A and B, respectively.

[3] The "Class" is comprised of all persons who purchased or otherwise acquired Treace Medical securities during the Class Period.

that they, he, she, or it is an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure. *Sherleigh Associates, LLC v. Windmere-Durable Holdings, Inc.*, 184 F.R.D. 688, 693 (S.D. Fla. 1999); *see also In re Razorfish, Inc. Secs. Litig.*, 143 F. Supp. 2d 304, 307 (S.D.N.Y. 2001); *Smith v. Suprema Specialties, Inc.*, 206 F. Supp. 2d 627, 632 (D.N.J. 2002). Movant satisfies both requirements.

## II.    STATEMENT OF FACTS[4]

Treace Medical is a medical technology company focused on advancing the standard of care for the surgical management of bunion and related midfoot deformities. ¶ 9. The Company's common stock trades on the NASDAQ under the symbol "TMCI." *Id.*

After market hours on May 8, 2023, Treace Medical issued a press release, on a Form 8-K filed with the SEC, reporting its financial results for first quarter 2023 and fiscal year 2023 outlook, respectively. ¶ 14. During the associated earnings call on the same day, Treace touted the strength of Lapiplasty as a product and assured investors that it was not experiencing an impact from competition. ¶ 15.

On August 16, 2023, the Company presented at the UBS MedTech, Tools and Genomics Summit. ¶ 16. Treace touted the strength of the Company's patented

---

[4] Citations to "¶ __" are to paragraphs of the Class Action Complaint (the "*McCluney* Complaint") filed in *McCluney* Action. Unless otherwise defined, capitalized terms shall have the same meaning set forth in the *McCluney* Complaint. The facts set forth in the *McCluney* Complaint are incorporated herein by reference.

Lapiplasty products, assuring investors that competitors are unable to sufficiently compete with the design. *Id.*

The Company presented at the J.P. Morgan Annual Healthcare Conference on January 9, 2024. ¶ 17. Treace assured investors during the presentation that increasing utilization from the Company's surgeons was fueling demand for Lapiplasty. *Id.*

After market hours on February 27, 2024, the Company issued a press release, on a Form 8-K filed with the SEC, reporting its financial results for fourth quarter 2023, fiscal year 2023, respectively, and reporting fiscal year 2024 outlook. ¶ 18. During the associated earnings call the same day, Hair informed investors that the Company continued to "add a lot of surgeons" and, as a result, the surgeons' Lapiplasty utilization rates would increase. ¶ 19.

The truth began to emerge after market hours on May 7, 2024, when the Company issued a press release, on a Form 8-K filed with the SEC, reporting its financial results for first quarter 2024 and fiscal year 2024 outlook, respectively. ¶ 20.

During the associated earnings call the same day, Treace revealed competition from minimally invasive ("MIS") osteotomy and Lapiplasty "knockoffs" created headwinds for Lapiplasty growth. ¶ 21. Treace also revealed the Company would release its own MIS osteotomy system. *Id.*

In response to this news, Treace Medical's stock price declined nearly 63%, or $6.95, to close on May 8, 2024 at $4.17 per share, on unusually high volume. ¶ 23.

## III.    ARGUMENT

### A.    THE COURT SHOULD APPOINT MOVANT AS LEAD PLAINTIFF

#### 1.  The Procedure Required by the PSLRA

The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a).

The plaintiff who files the initial action must publish notice to the class within 20 days after filing the action, informing class members of their right to file a motion for appointment of lead plaintiff. 15 U.S.C. §78u-4(a)(3)(A). The PSLRA requires the Court to consider within 90 days all motions filed within 60 days after publication of that notice by any person or group of persons who are members of the proposed class to be appointed lead plaintiff. 15 U.S.C. §§78u-(a)(3)(A)(i)(II) and (a)(3)(B)(i).

The PSLRA provides a presumption that the most "adequate plaintiff" to serve as lead plaintiff is the "person or group of persons" that:

> (aa)    has either filed the complaint or made a motion in response to a notice;
>
> (bb)    in the determination of the court, has the largest financial

> interest in the relief sought by the class; and

> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I). The presumption may be rebutted only upon proof by a class member that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II).

As set forth below, Movant satisfies the foregoing criteria and is not aware of any unique defenses that defendants could raise against him. Therefore, Movant is entitled to the presumption that he is the most adequate plaintiff to represent the Class and, as a result, should be appointed lead plaintiff in the Action.

### a. Movant is Willing to Serve as Class Representative

On April 11, 2025, counsel in the first-filed action caused a notice (the "Notice") to be published pursuant to Section 21D(a)(3)(A) of the Exchange Act, which announced that a securities class action had been filed against Treace Medical and certain of its officers and directors, and which advised putative class members that they have until June 10, 2025 to file a motion to seek appointment as a lead

plaintiff in the Action.[5] Movant has reviewed the complaint filed in the Action and has timely filed this motion pursuant to the Notice.

### b. Movant Has the Requisite Financial Interest in the Relief Sought by the Class

During the Class Period, Movant purchased Treace Medical securities in reliance upon the materially false and misleading statements issued by Treace Medical and the individual defendants, and was injured thereby. *See* O'Brien Decl., Ex. A. In addition, Movant suffered a substantial loss of $3,204.59. Movant thus has a significant financial interest in the outcome of this case. To the best of his knowledge, there is no other applicant who has sought, or is seeking, appointment as lead plaintiff that has a larger financial interest and also satisfies Rule 23. *See Edward J. Goodman Life Income Tr. v. Jabil Circuit, Inc.*, 2007 WL 170556, at *3 (M.D. Fla. Jan. 18, 2007).

### 2. Movant Satisfies the Requirements of Rule 23(a) of the Federal Rules of Civil Procedure

The PSLRA also states that at the outset of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). With respect to the qualifications of a class representative, Rule 23(a) requires generally that a

---

[5] The Action was filed in this Court on April 11, 2025. On that same day, the Notice was published over *Business Wire*, a widely-circulated national wire service. *See* O'Brien Decl., Ex. C (Press Release).

representative's claims be typical of those of the class, and that the representative will fairly and adequately protect the interests of the class. *See Sheet Metal Workers Local 28 Pension Fund v. Office Depot, Inc.*, Nos. 07-81038-CIV, 07-14348, 2008 WL 1943955, at *2 (S.D. Fla. May 2, 2008); *Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 252 (S.D.N.Y. 2003); *Schulman v. Lumenis, Ltd.*, 2003 WL 21415287, at *5-6 (S.D.N.Y. June 18, 2003); *Weltz*, 199 F.R.D. at 133 (considering only typicality and adequacy on a motion for designation as lead plaintiff); *see also In Party City Secs. Litig.*, 189 F.R.D. 91, 106 (D.N.J. 1999). *See generally* Fed. R. Civ. P. 23(a)(3)-(4).

Movant plainly meets the typicality requirement of Rule 23 because: (i) he suffered the same injuries as the absent class members; (ii) he suffered as a result of the same course of conduct by the defendants; and (iii) his claims are based on the same legal issues. *See Robidoux v. Celani*, 987 F.2d 931, 936-37 (2d Cir. 1993); *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 50 (S.D.N.Y. 1998) (typicality inquiry analyzes whether plaintiffs' claims "arise from the same conduct from which the other class members' claims and injuries arise"). Rule 23 does not require that the named plaintiffs be identically situated with all class members. It is enough if their situations share a common issue of law or fact. *See Prado-Steinman ex rel. Prado v. Bush,* 221 F.3d 1266, 1279 & n.14 (11th Cir. 2000) (finding typicality satisfied as long as the named plaintiffs share the "same essential

characteristics of the claims" as the class); *Weiss v. York Hosp.*, 745 F.2d 786, 808-09 (3d Cir. 1984). A finding of commonality frequently supports a finding of typicality. *See Gen. Tel. Co. v. Falcon*, 457 U.S. 147, 158 n.13 (1982) (noting that the typicality and commonality requirements tend to merge).

The claims asserted by Movant are typical of those of the Class. Movant, like the other members of the Class, acquired Treace Medical securities during the Class Period at prices artificially inflated by the defendants' materially false and misleading statements, and was damaged thereby. Thus, his claims are typical, if not identical, to those of the other members of the Class because Movant suffered losses similar to those of other Class members and his losses result from the defendants' common course of wrongful conduct. Accordingly, Movant satisfies the typicality requirement of Rule 23(a)(3). *See In re Drexel Burnham Lambert Group*, 960 F.2d 285, 291 (2d Cir. 1992); *see also Weiss*, 745 F.2d at 809.

Moreover, Movant is an adequate representative for the Class. There is no antagonism between Movant's interests and those of the Class. Movant has retained counsel highly experienced in prosecuting securities class actions and will submit his choice to the Court for approval pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v). Accordingly, at this stage of the proceedings, Movant has made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and, therefore, satisfies 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).

Moreover, Movant considers himself to be a sophisticated investor, having been investing in the stock market for 30 years. He resides in Chagrin Falls, Ohio, and possesses a four-year college degree. Movant is retired but was previously employed as managing director at Materion, Inc. Therefore, Movant will prosecute the Action vigorously on behalf of the Class. *See* O'Brien Decl., Ex. D, Movant's Declaration in support of his motion. Accordingly, Movant meets the adequacy requirement of Rule 23.

## IV.    <u>MOVANT'S CHOICE OF COUNSEL SHOULD BE APPROVED</u>

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to Court approval. 15 U.S.C. §78u-4(a)(3)(B)(v). The Court should interfere with the lead plaintiff's selection of counsel only when necessary "to protect the interests of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa); *Plumbers & Pipefitters Local 51 Pension Fund v. Darden Restaurants, Inc.,* 2008 WL 2608111, at *2 (M.D. Fla. July 1, 2008) (when a law firm has prosecuted securities class actions in the past successfully, courts will generally not interfere with a lead plaintiff movant's choice of counsel.).

Movant has selected and retained Levi & Korsinsky as the proposed Lead Counsel for the Class and Cullin O'Brien as proposed Liaison Counsel. The members of Levi & Korsinsky have extensive experience in successfully prosecuting complex securities class actions such as this Action, and are well-qualified to

11

represent the Class. Further, Mr. O'Brien is a Florida bar attorney that is familiar with the local practice and procedure of this district and has extensive experience representing plaintiffs in class action cases. *See* O'Brien Decl., Ex. E (the firm resume of Levi & Korsinsky) and F (the resume of Cullin O'Brien).

## V.   CONCLUSION

For the foregoing reasons, Movant respectfully requests that this Court: (1) appoint Movant as Lead Plaintiff for the Class in the Action; and (2) approve Levi & Korsinsky as Lead Counsel and Cullin O'Brien as Liaison Counsel for the Class.

Dated: June 10, 2025                         Respectfully submitted,

**CULLIN O'BRIEN LAW, P.A.**

*/s/ Cullin O'Brien*
Cullin O'Brien
Florida Bar No. 0597341
6541 NE 21st Way
Fort Lauderdale, Florida 33308
Tel: (561) 676-6370
Fax: (561) 320-0285
E-mail: cullin@cullinobrienlaw.com

*Liaison Counsel for Brian Sparrow and*
*[Proposed] Liaison Counsel for the Class*

**LEVI & KORSINSKY, LLP**
Adam M. Apton
33 Whitehall Street, 17th Floor
New York, NY 10004
Tel: (212) 363-7500
Fax: (212) 363-7171
Email: aapton@zlk.com
(*pro hac vice* to be submitted)

12

*Lead Counsel for Brian Sparrow and
[Proposed] Lead Counsel for the Class*

13

## CERTIFICATE OF SERVICE

I HEREBY certify that on June 10, 2025, I electronically filed the foregoing

document with the Clerk of the Court CM/ECF.


/s/ Cullin O'Brien
Cullin O'Brien