United States District Court
Middle District of Florida
Jacksonville Division

**CHRISTOPHER MCCLUNEY,**

    *Plaintiff,*

v.                                          NO. 3:25-cv-390-WWB-PDB

**TREACE MEDICAL CONCEPTS, INC., ETC.,**

    *Defendants.*

---

# Order[*]

Christopher McCluney brings this proposed class action under the Securities Exchange Act of 1934, 15 U.S.C. §§ 78a–78qq, on behalf of those who purchased or otherwise acquired Treace Medical Concepts, Inc., securities between May 8, 2023, and May 7, 2024. Doc. 10. McCluney alleges that Treace Medical, John Treace (the company's founder and chief executive officer), and Mark Hair (the company's chief financial officer) violated the Exchange Act by making materially false or misleading statements and failing to disclose adverse facts about Treace Medical. Doc. 10 ¶¶2, 10–11.

In a putative class action under the Exchange Act, the Private Securities Litigation Reform Act of 1995 ("PSLRA") requires the plaintiff to publish, "in a widely circulated national business-oriented publication or wire service, a notice advising" members of the purported class (1) "of the pendency of the action, the claims asserted therein, and the purported class period"; and (2) "that, not later than 60 days after the date on which the notice is published,

---

[*]Citations to page numbers are to page numbers generated by CM/ECF.

any member of the purported class may move the court to serve as lead plaintiff of the purported class." 15 U.S.C. § 78u-4(a)(3)(A)(i). Within 90 days after the notice is published, the court must consider any such motion and appoint a lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i).

McCluney published a notice in *Business Wire* and *GlobeNewswire* on April 11, 2025. Doc. 44-1 at 6; *see* Doc. 45-1 (*Business Wire* notice); Doc. 42-1 at 71–73 (*GlobeNewswire* notice). Putative class member Special Situations Private Equity Fund, L.P. (the "Fund"), timely moves for appointment as lead plaintiff and approval of its selection of lead counsel, Doc. 42, and provides a certification under 15 U.S.C. § 78u-4(a)(2). McCluney and another putative class member filed similar motions. Docs. 44, 46. McCluney has no opposition to the Fund's motion, Doc. 54, and the other putative class member has withdrawn his motion, Doc. 48.

The court must "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). A rebuttable presumption exists that the most adequate plaintiff is one that (1) "has either filed the complaint or made a motion in response to [the published] notice"; (2) "in the determination of the court, has the largest financial interest in the relief sought by the class"; and (3) "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Another member may rebut the presumption by showing the movant "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

> Rule 23 permits a class action if:
>
> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). A class representative's claims are typical if they "arise from the same event or pattern or practice and are based on the same legal theory." *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir. 1984). A class representative will adequately protect the interests of the class if no "substantial conflicts of interest exist between the representative[] and the class" and "the representative[] will adequately prosecute the action." *In re Equifax Inc. Customer Data Sec. Breach Litig.*, 999 F.3d 1247, 1275 (11th Cir. 2021) (quoting *Valley Drug Co. v. Geneva Pharms.*, LLC, 350 F.3d 1181, 1189 (11th Cir. 2003)).

The Fund is entitled to the rebuttable presumption. The Fund filed the motion in response to the published notice. Doc. 42 at 11; *see* Doc. 42-1 at 71–73 (*GlobeNewswire* notice). The Fund has the largest financial interest, with estimated losses of $451,750.00 during the relevant period. Doc. 42 at 11–12; *see* Doc. 42-1 at 6 (chart of purchases and losses). The Fund's losses are greater than those claimed by other movants. *See* Doc. 44 ($706.77); Doc. 46-3 ($3,204.59). And the Fund satisfies Rule 23's typicality and adequacy requirements. Like the putative class claims, the Fund's claims arise from its purchase of Treace Medical securities during the relevant period at prices allegedly artificially inflated by Treace Medical's false or misleading

3

statements and omissions. Doc. 42 at 13. The Fund represents that it is a "well-grounded and sophisticated institutional investor that can commit substantial resources to this litigation," its "substantial financial stake" in the outcome of the action incentivizes it to "vigorously prosecute the litigation," its interests are "perfectly aligned with those of other class members and not antagonistic to them in any way," and it has filed a certification and declaration signed by its manager affirming its willingness to serve as lead plaintiff and its understanding of the duties and responsibilities owed by the lead plaintiff. Doc. 42 at 13–15; Doc. 42-1 at 4–5 (certification); Doc. 42-1 at 76–78 (declaration).

No member of the putative class presents either a reason to disregard the Fund's representations or proof to rebut the presumption. The Court thus finds that the Fund is the member of the putative plaintiff class most capable of adequately representing the interests of the class members.

The PSLRA requires the lead plaintiff to select and retain counsel to represent the class, subject to the court's approval. 15 U.S.C. § 78u-4(a)(3)(B)(v). "Individual lawyers, not firms, are admitted to practice before both the state courts and the federal courts." *Claiborne v. Wisdom*, 414 F.3d 715, 723 (7th Cir. 2005); *see also* 15 U.S.C. § 78u-4(a)(3)(B)(v) (using the term "lead counsel," not "lead law firm").

The Fund has selected the law firms of Rolnick Kramer Sadighi LLP and Fox Rothschild LLP as lead counsel and local counsel, respectively. Doc. 42 at 7, 17–19. The Fund identifies Lawrence Rolnick, Marc Kramer, and Richard Bodnar as the Rolnick Kramer Sadighi lawyers retained for representation in this action. Doc. 42 at 17. The Fund asserts that the lawyers represent institutional and private investors across the country and have served or are

serving as lead or co-lead counsel in other complex securities class actions. Doc. 42 at 15–18; *see* Doc. 42-1 at 80–89 (Rolnick Kramer Sadighi firm resume); Doc. 42-1 at 90–92 (Rolnick's biography); Doc. 42-1 at 93–95 (Kramer's biography); Doc. 42-1 at 96–97 (Bodnar's biography). The Fund fails to identify any Fox Rothschild lawyer it has selected as local counsel, though Robert Elgidely with that firm has appeared for the Fund. *See generally* Doc. 42 & exhibits.

"If actions before the court involve a common question of law or fact," the court may consolidate the actions. Fed. R. Civ. P. 42 (a)(2). The Fund requests consolidation of this action with any other "potential related action." Doc. 42 at 18. The Fund states it is unaware of another related action but contends that, to the extent any such action is filed, the actions should be consolidated. Doc. 42 at 18. Without an identified action, the Fund's request is premature.

The Court **grants in part** the Fund's motion, Doc. 42. Special Situations Private Equity Fund, L.P., is appointed as lead plaintiff. Rolnick, Kramer, and Bodnar are approved to serve as lead co-counsel for the class. The Court **denies** the motion without prejudice in all other respects. Any motion to approve a lawyer or lawyers with Fox Rothschild LLP to serve as local counsel must be filed by **July 7, 2025**. The Fund must identify the lawyer who will be serving as lead counsel under Local Rule 1.01(d)(9) by the same deadline. *See also* Local Rules 1.07(c), 2.02(a), 4.03(d), 7.01(c)(4)(E), 7.01(c)(5)(B) (Local Rules referencing "lead counsel").

McCluney's motion for appointment as lead plaintiff and approval of lead counsel, Doc. 44, is **denied as moot**.

In accordance with the district judge's order, Doc. 27, by **July 15, 2025**, the Fund must file an amended pleading or notify the Court that the amended

complaint, Doc. 10, is the operative pleading. The defendants must serve a response to the operative pleading within **21 days** after the filing of an amended pleading or notice.

**Ordered** in Jacksonville, Florida, on July 1, 2025.

Patricia D. Barksdale
United States Magistrate Judge