**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| CHRISTOPHER McCLUNEY, Individually and on Behalf of All Others Similarly Situated, | Case No: 3:25-cv-00390-JEP-PDB |
| Plaintiff, | **LEAD PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE** |
| v. | |
| TREACE MEDICAL CONCEPTS, INC., JOHN T. TREACE, and MARK L. HAIR, | |
| Defendants. | |

Lead Plaintiff Special Situations Private Equity Fund, L.P. ("Lead Plaintiff") respectfully submits this Response to this Court's Order to Show Cause, dated December 1, 2025 (ECF No. 86) ("OSC"), and states as follows:

On December 1, 2025, Your Honor ordered Lead Plaintiff to show cause why "the parties have failed to file a joint Case Management Report as required by Local Rule 3.02," and why "this case should not be dismissed for Plaintiff's failure to file a joint Case Management Report as ordered and otherwise prosecute this action pursuant to Local Rule 3.10." As set forth in greater detail below, Lead Plaintiff respectfully submits that this Court should discharge or take no further action on its OSC because the Honorable Wendy W. Berger, U.S.D.J.—who was previously assigned to this case before it was reassigned to Your Honor—

1

expressly excused, and stayed, the parties from the requirement of filing a Case Management Report as required by Local Rule 3.02. (ECF No. 27 at ¶ 5 (ordering a stay of the "filing of a case management report in accordance with Local Rule 3.02 . . . pending further order of this Court").) Insofar as this Court's OSC was intended to lift the stay previously granted by Judge Berger, Plaintiffs are prepared to confer with Defendants to file a case management report within 14 days to the extent filing such a report is possible. However, as further set forth below, the parties cannot commence discovery until this Court has resolved Defendants' pending motion to dismiss, and therefore would be unable to provide the Court with a majority of the specific information contemplated in the Middle District of Florida's Uniform Case Management Report.

Judge Berger's excusal of the parties' ordinary responsibility to file a case management report under Local Rule 3.02 stems from the unique procedural framework that governs this case. This is a federal securities fraud class action against Treace Medical Concepts, Inc. and certain of its executives (collectively, "Defendants"). Federal securities fraud class actions are governed by the case management procedures set forth in the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4, *et seq.* Two of these procedural items are of particular import here.

First, the PSLRA provides specific procedures for the appointment of a lead plaintiff to lead the putative class. *See generally* 15 U.S.C. § 78u-4(a)(3). Under the PSLRA, and unlike a traditional action, the plaintiff that initiates the action by the filing of a complaint will not necessarily be the plaintiff that litigates the remainder of the action on behalf of all class members; instead, the PSLRA provides procedures for the presiding court to select "the most adequate plaintiff" to lead the class *after* the action has already been initiated. 15 U.S.C. § 78u-4(a)(3)(B)(i). Specifically, the PSLRA requires putative class members who wish to serve as lead plaintiff for the class to file a motion to be selected as the lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i)(II). The court must thereafter select "the most adequate plaintiff" to lead the putative class for the remainder of the litigation which, absent unusual circumstances, will generally be the movant with "the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(i)-(iii). Upon appointment of a lead plaintiff, the court will generally enter an order setting forth the schedule by which the lead plaintiff must file an amended, operative pleading, and a schedule for the parties to brief a motion to dismiss. (*See, e.g.*, ECF Nos. 57 and 62.)

Second, the PSLRA provides for an effectively mandatory and automatic stay of "discovery and other proceedings . . . during the pendency of any motion to dismiss." 15 U.S.C. § 78u-4(b)(3)(B); *see Ylitalo v. Automatic Data Processing, Inc.*,

2024 WL 1492828, at *1 (M.D. Fla. Mar. 22, 2024) (explaining that the PSLRA provides for "mandatory and automatic" stay of discovery). The PSLRA stay of discovery may only be lifted before the defendant's motion to dismiss has been resolved if "the court finds . . . that particularized discovery is necessary to preserve evidence or to prevent undue prejudice." 15 U.S.C. § 78u-4(b)(3)(B); *see generally Dusek v. JP Morgan Chase & Co.*, 2015 WL 12826483, at *2-6 (M.D. Fla. Jan. 21, 2015).

The instant action was commenced on April 11, 2025 when Christopher McCluney filed a complaint against Defendants. (ECF No. 1.)[1] The filing of this complaint effectively initiated the lead plaintiff selection procedures described above. Shortly thereafter, on May 7, 2025, Mr. McCluney and all Defendants filed a Joint Motion to Confirm Service of Process and Extend Time to Respond to Complaint. (ECF No. 15.) As relevant here, the parties requested that, "[i]n light of the PSLRA provisions regarding appointment of lead counsel and staying discovery during the pendency of any motion to dismiss, the parties shall not be required to file a case management report as described in Local Rule 3.02, if necessary, until forty days after the Court's decision on Defendants' anticipated motion to dismiss." (*Id.* at 3-4.) On May 20, 2025, Judge Berger granted this

---

[1] Mr. McCluney (who remains a member of the putative class but is no longer a direct party to this action)'s initial pleading was *sua sponte* dismissed by Judge Berger on April 22, 2025. (ECF No. 5.) Mr. McCluney filed an amended complaint on April 28, 2025 (ECF No. 10).

branch of the parties' joint motion and accordingly stayed the "filing of a case management report in accordance with Local Rule 3.02 . . . pending further order of this Court" (ECF No. 27 at ¶ 5) ("May 20 Order"). This ruling is consistent with the general practice in securities fraud class actions governed by the PSLRA. *See Automatic Data Processing*, 2024 WL 1492828, at *1 ("Until every defendant has filed an answer, the parties are relieved from their obligations to (1) convene a Rule 26(f) discovery conference; (2) submit a Case Management Report; and (3) attend a Rule 16 conference.").

In accordance with the PSLRA's lead plaintiff procedures, on June 10, 2025, Lead Plaintiff Special Situations Private Equity Fund, L.P. filed a motion for an order appointing it as lead plaintiff of the putative class and for the selection of the undersigned counsel to serve as lead counsel for the class. (ECF No. 42.) As relevant here, the Honorable Patricia D. Barksdale, U.S.M.J., granted Lead Plaintiff's motion on July 1, 2025, and directed lead Plaintiff to file an amended pleading on or before July 15, 2025 (ECF No. 57) ("July 1 Order"). On July 11, 2025, Lead Plaintiff and Defendants filed a Joint Motion to Modify Certain Case Deadlines and Set Briefing Schedule For Defendants' Forthcoming Motion(s) to Dismiss. (ECF No. 60.) On July 15, 2025, Judge Barksdale granted the parties' joint motion, thereby setting the currently operative schedule. (ECF No. 62 ("July 15 Order").)

Lead Plaintiff and Defendants have thus far complied with each deadline set forth in the July 15 Order: (1) Lead Plaintiff filed its second amended class action complaint on July 31, 2025 (ECF No. 70) ("SAC"); (2) Defendants filed a motion to dismiss the SAC on September 5, 2025 (ECF No. 75) ("MTD"); and (3) Lead Plaintiff filed its response to Defendants' MTD on October 10, 2025 (ECF No. 79). Defendants also filed a reply in further support of their MTD on November 28, 2025. (ECF No. 84.) The MTD is accordingly fully briefed and ripe for resolution. However, on November 5, 2025, this case was administratively reassigned to Your Honor, and Judge Berger is no longer assigned to the case. (ECF No. 82.)

On December 1, 2025, this Court issued the OSC directing Lead Plaintiff to show cause why "the parties have failed to file a joint Case Management Report as required by Local Rule 3.02" and why the case "should not be dismissed for Plaintiff's failure to file a joint Case Management Report as ordered and otherwise prosecute this action pursuant to Local Rule 3.10." (ECF No. 86.) Local Rule 3.02(a) provides that "the parties . . . must file a case management report" in "every proceeding except a proceeding described in" Local Rule 3.02(d), such as "an action in which the judge enters a special scheduling order at the outset." Local Rule 3.10 further provides that a "plaintiff's failure to prosecute diligently can result in dismissal if the plaintiff in response to an order to show cause fails

6

to demonstrate due diligence and just cause for delay." For the following reasons, Lead Plaintiff respectfully submits that this Court should discharge or take no further action on its OSC.

**First**, Judge Berger's May 20 Order expressly stayed the parties' requirement to file a case management report in accordance with Local Rule 3.02. (ECF No. 27 at ¶ 5 (staying the "filing of a case management report in accordance with Local Rule 3.02 . . . pending further order of this Court").) As Mr. McCluney and Defendants stated in their joint motion requesting such a stay, the purpose of the request was to "allow the parties to comply with the PSLRA's notice requirements and discovery stay, and will conserve the time and resources of the parties and the Court." (ECF No. 15 at 3-4.) Lead Plaintiff respectfully submits that because the PSLRA mandates that discovery may not commence until Defendants' MTD has been decided, this rationale of efficiency remains applicable. Insofar as Your Honor's OSC was intended to lift the stay granted by Judge Berger in the May 20 Order, Lead Plaintiff is prepared to confer with Defendants and file a case management report to the extent possible within 14 days. However, because, pursuant to the PSLRA, the parties cannot commence discovery until this Court has resolved Defendants' MTD, the parties will likely be unable to provide the Court with the vast majority of the specific information contemplated in the Middle District of Florida's Uniform Case Management

7

Report, *e.g.*, the date of the planning conference, deadlines for fact and expert discovery, and summary judgment and *Daubert* motions.

**Second**, even if the requirement to file a case management report in accordance with Local Rule 3.02 was not stayed by Judge Berger's May 20 Order, Lead Plaintiff was excused from compliance with Local Rule 3.02(a)(2)'s requirement to file a case management report because each of Judge Berger's May 20 Order, Judge Barksdale's July 1 Order, and Judge Barksdale's July 15 Order separately constituted a "special scheduling order" under Local Rule 3.02(d)(1). Lead Plaintiff respectfully submits that this position is reasonable since, as explained above, many of the specific deadlines that are contemplated in the Middle District of Florida's Uniform Case Management Report cannot be determined until this Court has resolved Defendants' MTD.

**Third**, Local Rule 3.02 provides that the requirement to file a case management report is the responsibility of "the parties"—not only the plaintiff. Accordingly, Lead Plaintiff respectfully submits that, even if the requirement to file a case management report in accordance with Local Rule 3.02 was not stayed by Judge Berger's May 20 Order or excused under Local Rule 3.02(d)(1), complete dismissal for failure to prosecute the action pursuant to Local Rule 3.10 would be unwarranted and unduly prejudicial to Lead Plaintiff and other members of the putative class.  Lead Plaintiff has diligently and vigorously prosecuted this action

8

on behalf of itself and all class members, and will continue to do so for the remainder of the litigation.

Accordingly, Lead Plaintiff respectfully submits that this Court should discharge or take no further action on its Order to Show Cause.

Dated: December 15, 2025

Robert F. Elgidely, Esq.
Florida Bar No. 111856
FOX ROTHSCHILD LLP
2 South Biscayne Blvd., Suite 2750
Miami, FL 33131
T.: (305) 443-6543 | F.: (305) 442-6541
Email: relgidely@foxrothschild.com

Local Counsel for Lead Plaintiff and the Class

Respectfully submitted,

By: */s/ Lawrence M. Rolnick*
Lawrence M. Rolnick (pro hac vice)
ROLNICK KRAMER SADIGHI LLP
1 Pennsylvania Plaza, Suite 3401
New York, NY 10119
T.: (212) 597-2800 | F.: (212) 597-2801
Email: lrolnick@rksllp.com

Lead Counsel for Lead Plaintiff and the Class

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on December 15, 2025, I electronically filed Lead Plaintiff's foregoing Response to Order to Show Cause with the Clerk of the Court using the CM/ECF system. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this notice as service of this document by electronic means.

By: */s/ Lawrence M. Rolnick*
Lawrence M. Rolnick, Esq.