UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CHRISTOPHER MCCLUNEY,
*individually and on behalf of all others similarly situated*,

Plaintiff,

SPECIAL SITUATIONS PRIVATE EQUITY FUND, L.P.,

Intervenor Plaintiff,

v. Case No.: 3:25-cv-390-JEP-PDB

TREACE MEDICAL CONCEPTS, INC., JOHN T. TREACE and MARK L. HAIR,

Defendants.
_________________________________/

**ORDER**

**THIS CAUSE** is before this Court on Defendants' "Motion to Dismiss Second Amended Class Action Complaint" (Doc. 75), "Lead Plaintiff's Memorandum of Law in Opposition" (Doc. 79), and Defendants' Reply (Doc. 84). Upon review, the complaint is a shotgun pleading and will be dismissed.

Plaintiff Christopher McCluney filed an initial complaint, individually and on behalf of others, against Defendants on April 11, 2025, and an amended complaint on April 28, 2025, alleging violations of the Securities Exchange Act ("**Exchange Act**") and the Securities and Exchange Commission's ("**SEC's**")

Rule 10b-5. (Docs. 1, 10). After granting a motion to appoint Special Situations Private Equity Fund, L.P. ("**Lead Plaintiff**") as lead plaintiff in this case, the Court directed Lead Plaintiff to file a second amended complaint or designate the amended complaint filed by McCluney as the operative pleading. (Doc. 57 at 5–6). Lead Plaintiff filed a second amended complaint on July 31, 2025, alleging a violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j, and the SEC's Rule 10b-5, 17 C.F.R. § 240.10b-5 (Count I), and a violation of Section 20(a) of the Exchange Act, 15 U.S.C. § 78t (Count II). (Doc. 70, ¶¶ 214–34). Defendants move to dismiss the operative complaint, arguing, among other things, that Count II is an impermissible shotgun pleading. (Doc. 75 at 29).

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "The failure to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'" *Beckwith v. BellSouth Telecomms. Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005)[1] (citing *Byrne v. Nezhat*, 261 F.3d 1075, 1129–30 (11th Cir. 2001)). "Shotgun pleadings impede the administration of the district courts' civil dockets in countless ways." *PVC*

[1] This Court does not rely on unpublished Eleventh Circuit opinions as binding precedent; however, they may be cited in this Order when this Court finds them persuasive on a particular point. *See McNamara v. GEICO*, 30 F.4th 1055, 1060–61 (11th Cir. 2022); Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

*Windoors, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 806 n.4 (11th Cir. 2010). As such, "[w]hen presented with a shotgun complaint, the district court should order repleading sua sponte." *Ferrell v. Durbin*, 311 F. App'x 253, 259 n.8 (11th Cir. 2009); *see also Johnson Enters. of Jack., Inc. v. FPL Grp.*, 162 F.3d 1290, 1333 (11th Cir. 1998) (noting that shotgun pleadings drain judicial resources, and the district court should act *sua sponte* to define the issues at the earliest possible stage).

The Eleventh Circuit has identified shotgun pleadings as those that:

> (1) "contain[ ] multiple counts where each count adopts the allegations of all preceding counts"; (2) do not re-allege all the proceeding counts but are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) do not separate each cause of action or claim for relief into separate counts; or (4) in a multi-defendant action, contain counts that present a claim for relief without specifying which defendants the claim is brought against.

*Sahran v. Mia. Dade Coll.*, 800 F. App'x 769, 771 (11th Cir. 2020) (quoting *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321–23 (11th Cir. 2015)).

Defendants argue that Count II impermissibly incorporates Count I. (Doc. 75 at 29; *see* Doc. 70, ¶ 227). Count II brings a claim under Section 20(a) of the Exchange Act, which provides:

> Every person who, directly or indirectly, *controls any person liable under any provision of this chapter or of any rule or regulation thereunder* shall also be liable jointly and severally with and to the same extent as such controlled person to any person to whom such

controlled person is liable . . . .

15 U.S.C. § 78t(a) (emphasis added). To state a derivative claim under Section 20(a), a plaintiff must adequately plead a primary violation of the Exchange Act. *See Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1237 (11th Cir. 2008). Thus, because Count I alleges a primary violation of the Exchange Act under Section 10(b) and Rule 10b-5, Count II's incorporation of Count I does not render the complaint deficient. (Doc. 70, ¶¶ 214–260); *see In re Immucor Inc. Sec. Litig.*, No. 1:05-CV-2276-WSD, 2006 WL 3000133, at *10 n.6 (N.D. Ga. Oct. 4, 2006) ("Plaintiffs include a count under § 20(a), but it depends on an underlying 10(b) violation."). Defendants also argue that Count II contains "conclusory or formulaic" paragraphs. (Doc. 75 at 29; *see* Doc. 70, ¶¶ 228–29; 232–34). But this is not so; rather, Count II connects the factual allegations alleged in the complaint to the elements of the cause of action. (*See* Doc. 70, ¶¶ 227–34).

Nevertheless, the complaint falls into the third category of shotgun pleadings by failing to separate multiple causes of action into distinct counts. Count I brings claims under Section 10(b) and Rule 10b-5. (*Id.* ¶¶ 214–26). Section 10(b) declares it "unlawful for any person . . . [t]o use or employ, in connection with the purchase or sale of any security registered on a national securities exchange . . . any manipulative or deceptive device or contrivance *in contravention of such rules and regulations as the Commission may prescribe*

as necessary or appropriate in the public interest or for the protection of investors." 15 U.S.C. § 78j(b) (emphasis added). Rule 10b-5, which the SEC promulgated pursuant to Section 10(b), provides:

> It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails or of any facility of any national securities exchange,
>
> (a) To employ any device, scheme, or artifice to defraud,
>
> (b) To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or
>
> (c) To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person,
>
> in connection with the purchase or sale of any security.

17 C.F.R. § 240.10b-5. Here, Lead Plaintiff alleges violations of all three subparagraphs of Rule 10b-5 under Count I. (*See* Doc. 70, ¶¶ 216–17). But each subparagraph in Rule 10b-5 constitutes a different claim for relief: "Whereas subsection (b) of Rule 10b-5 prohibits the making of untrue statements or omissions, subsections (a) and (c) prohibit deceptive conduct." *In re Tupperware Brands Corp. Sec. Litig.*, No. 22-10658, 2023 WL 5091802, at *8 (11th Cir. Aug. 8, 2023) (citing 17 C.F.R. § 240.10b-5). As such, this pleading does not give Defendants "adequate notice of the claims against them and the

grounds upon which each claim rests."[2] *Weiland*, 792 F.3d at 1323; *see also Tupperware*, 2023 WL 5091802, at *3, *8 (affirming dismissal of complaint as a shotgun pleading when it combined claims under Rule 10b-5(a), (b), and (c) in the same count); *Gnanaraj v. Lilium N.V.*, No. 23-80232-RLR/BER, 2023 WL 9064669, at *7–8 (S.D. Fla. Dec. 18, 2023) (recommending dismissal of complaint as a shotgun pleading when, among other things, it combined claims under Rule 10b-5(a) and (c) in the same count), *report and recommendation adopted*, 2024 WL 36165 (S.D. Fla. Jan. 3, 2024).

Similarly, Count II impermissibly brings multiple claims pursuant to Section 20(a) by incorporating Count I—which contains primary-violation claims under three different causes of action—and stating only that the individual Defendants "each violated Section 10(b) and Rule 10b-5 by their acts and omissions as alleged in this Second Amended Complaint, including by making the materially false and misleading public statements [as detailed]." (Doc. 70, ¶ 233; *see also id.* ¶ 227). Count II fails to specify the precise primary violation, and as such, fails to put Defendants on notice of the conduct supporting Section 20(a) liability. *See Gnanaraj*, 2023 WL 9064669, at *7 ("If Plaintiff believes there are multiple predicate violations, each should be pled as a separate Section 20(a) count; that way, each cause of action or claim for

---

[2] As evidence of this, the parties appear to discuss liability under only Rule 10b-5(b) in the motion to dismiss and response. (*See* Doc. 75 at 2–3, 8–29; Doc. 79 at 3, 7–22).

relief is separated into a separate count." (citing *Weiland*, 792 F.3d at 1323)).[3]

Accordingly, this Court will dismiss the second amended complaint without prejudice and direct Plaintiffs to file a third amended complaint in compliance with this Order and all Local Rules and Federal Rules of Civil Procedure. Until a proper complaint is filed, this Court declines to consider the remaining arguments that Defendants raise in their motion.

In light of the foregoing, it is **ORDERED**:

1. Defendants' "Motion to Dismiss Second Amended Class Action Complaint" (Doc 75) is **GRANTED in part** as set forth in this Order and **DENIED** in all other respects.

2. Lead Plaintiff's Second Amended Class Action Complaint (Doc. 70) is **DISMISSED WITHOUT PREJUDICE**.

3. On or before **July 29, 2026**, Plaintiffs shall file a third amended complaint in compliance with this Order and all Local Rules and Federal Rules of Civil Procedure.

---

[3] This Court also notes that in paragraphs 212 and 213 of the complaint, Lead Plaintiff includes legal arguments and citations, which "have no place in a complaint." *Moore v. McCalla Raymer, LLC*, 916 F. Supp. 2d 1332, 1342 (N.D. Ga. 2013); (*see* Doc. 70, ¶¶ 212–13).

**DONE** and **ORDERED** in Jacksonville, Florida on July 15, 2026.

JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record